No. 20,061.

CLARA HIRSCH, D/B/A CLARA'S GROCERY AND MARKET, *v.*
BOARD OF TRUSTEES OF THE TOWN OF EDGEWATER, ET AL.
(370 P. [2d] 760)

Decided April 16, 1962.

Messrs. LINDNER, ARKIN and DAVIS, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR CHIEF JUSTICE DAY delivered the opinion of the Court.

THIS writ of error challenges the correctness of a district court judgment affirming the action of the Board

of Trustees of the Town of Edgewater. That body denied the application of plaintiff in error for a license to dispense at retail fermented malt beverage (3.2% beer) by the package.

The defendants in error Board of Trustees have not appeared in this Court, and, although such appearance is not necessary, it is just as well in this case for the record presented does not in the slightest respect sustain the action of the board, and there would be very little to be said for and on its behalf.

The applicant presented 400 signatures in support of her application. There were no petitions or remonstrances against the application although the premises had been posted for the required time. Two persons appeared at the hearing and testified as to their personal displeasure at the thought of such an establishment being licensed. One of the two testified as to his knowledge of the operation of a previous licensee in the same premises. On examination it was ascertained that the previous establishment was a tavern and poolhall wherein beer was consumed upon the premises. The applicant operates a delicatessen store and the license she sought was for "carry-out" sales only.

It is apparent from the record that there is not a single outlet in the town of Edgewater for the dispensing of 3.2 fermented malt beverage. In the face of this the board, nevertheless, found "the area is served adequately with beer." Such a statement is totally unsupported. It can be assumed that such a bald pronouncement had reference to outlets licensed under the state "liquor code" but their number and location are not a controlling factor in determining whether the license here under consideration should be granted.

Under the authority of *Buddy & Lloyds v. City Council*, 139 Colo. 152, 337 P. (2d) 389, and the cases therein cited, and following the recent pronouncement of this Court in *McNeill v. City Council*, 148 Colo. 277, 365 P. (2d) 687, we can find no basis on which to sustain

the action of the town trustees. The subsequent action of the Court upholding their arbitrary and capricious action cannot be affirmed.

The judgment is reversed and the cause remanded with directions to order the Board of Trustees to forthwith issue said license.

Mr. Justice Moore not participating.